UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KWAME AJAMU, ET AL., | ) | CASE NO.1:15CV1320 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, ET AL., | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion (ECF DKT #33) of Plaintiffs, Kwame Ajamu and Wiley Bridgeman, for Leave to File a First Amended Complaint. For the following reasons, the Motion is denied because the amendment would be futile.

**I. BACKGROUND**

This case was brought under 42 U.S.C. §1983 and under state law against the City of Cleveland and eight former detectives and/or sergeants who were allegedly involved in the investigation of a 1975 murder that resulted in the prosecution and conviction of Plaintiffs, Kwame Ajamu and Wiley Bridgeman. Both Ajamu and Bridgeman were originally sentenced to death; but in 1978, their sentences were commuted to life in prison. Edward Vernon, who was twelve years old at the time of the murder, identified the perpetrators and

testified at the trials of Jackson, Kwame Ajamu (formerly Ronnie Bridgeman) and Wiley Bridgeman.  In 2013, Vernon confessed to his pastor that he was threatened and coerced by Defendant officers into testifying falsely against Jackson, Ajamu and Bridgeman.  At an evidentiary hearing in state court, Vernon recanted and Jackson, Ajamu and Bridgeman were exonerated on November 21, 2014.

Plaintiffs initiated this lawsuit on July 2, 2015, claiming *Brady* violations; fabrication of evidence; malicious prosecution; failure to intervene; conspiracy to deprive Plaintiffs of their constitutional rights; supervisor liability; malicious prosecution under Ohio law, unconstitutional line-up procedures; intentional infliction of emotional distress; civil conspiracy; *respondeat superior* liability; indemnification; and negligent, willful, wanton and/or reckless conduct.  The Complaint listed City of Cleveland, the Estate of Eugene Terpay, the Estate of James T. Farmer, the Estate of John Staimpel, the Estate of Peter F. Comodeca, as well as several other former Cleveland police officers.

On October 12, 2015, the Estate Defendants filed their Motion to Dismiss, arguing that all claims alleged against the "Estates" must be dismissed for insufficiency of process and for failure to state a claim.  They argued that an estate is not a legal entity with the capacity to be sued under state or federal law.  Since none of the Estates were open, none of them had an administrator or executor with the capacity to be sued or the authority to accept service of process.  On July 5, 2016, this Court granted Estate Defendants' Motion to Dismiss without prejudice.

On November 20, 2015, Plaintiffs submitted a Motion for Leave to File a First Amended Complaint.  (ECF DKT #33).  Specifically, Plaintiffs seek to add J. Reid Yoder,

2

Esq., who was recently appointed Administrator of the Estates of Eugene Terpay, Peter F. Comodeca, John T. Staimpel and James T. Farmer, as a defendant for the purpose of accepting service of process in this lawsuit.  On November 17, 2015, the Probate Court signed an order appointing J. Reid Yoder, Esq. as Administrator of the Estates for the limited purpose of accepting service of process in this lawsuit and receiving the claims of Kwame Ajamu and Wiley Bridgeman against the Estates in relation this lawsuit.

Defendants argue that leave to amend should not be granted because such amendment would be futile on the grounds that Plaintiffs did not file their claims against the Estates within the proper statutory deadline.  Plaintiffs argue that an exception to the statutory deadline applies when a judgment can be satisfied by something other than the assets of the estate.

## II. LAW AND ANALYSIS

### A. Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party, not entitled to amend as a matter of course, seeks leave to amend their complaint, the court should give leave freely when justice so requires.  In *Foman v Davis*, the Supreme Court further held that if a plaintiff's claims rest upon facts that may be a proper subject for relief, then he should be given the chance to test his claims on the merits.  371 U.S. 178, 182 (1962).  Further, the Court held that "in the absence of any apparent or declared reason -such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought

should, as the rules require, be freely given." *Id.*  The court in *Williams v City of Cleveland* held that when a court denies a motion to amend on the ground that the amendment would be futile, the basis for its denial is the purely legal conclusion that the proposed amendment would be unable to withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  771 F. 3d 945, 949 (6th Cir. 2014).  The *Williams* court further held that the dispositive question is whether the plaintiff's second amended complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible upon its face.  *Id.*

## B. Survival Statutes

Ohio Revised Code §2305.21 provides that "in addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto."  In *Tinney v Richland County*, the court held that the plaintiff's §1983 claims involved violations of the plaintiff's personal rights, not physical injuries; as such, the individual capacity §1983 claims did not survive the defendant's death under Ohio law.  No. 1:14 CV 703, 2014 WL 6896256, at *2 (N.D. Ohio Dec. 8, 2014).  Similarly, the court in *Murray v. State* held that a claim for wrongful imprisonment did not qualify as injuries to the person, rather the injury is the violation of one's personal rights.  2002-Ohio-664, 2002 WL 337732, *3 (Ohio App. 8 Dist. 2002).

Similarly, the court in *State ex rel. Crow v Weygandt* held that claims for malicious prosecution do not survive death.  170 Ohio St. 81, 84, 162 N.E.2d 845, 848 (1959).

### i. Plaintiffs' §1983 and Malicious Prosecution Claims

Plaintiffs allege a number of §1983 claims and a malicious prosecution claim against a number of defendants and in this motion, Plaintiffs seek to name the Administrator as a defendant for these claims. Plaintiffs allege that these §1983 violations of their personal rights resulted in physical and emotional injury, however, as the *Tinney* and *Murray* courts held, violations of Plaintiffs' personal rights do not qualify as injuries to the person. Plaintiffs' claims arise from violations of their personal rights, not from harm to their persons, and as such, they do not survive the death of the decedent officers. Because these claims do not survive, the Court finds that Plaintiffs' amendment to assert §1983 claims against the Estates is futile and denies leave to amend. Similarly, the Court finds that Plaintiffs' malicious prosecution claims do not survive the death of the decedent officers and denies leave to amend.

### C. Statute of Limitations

Ohio Revised Code §2117.06(B) provides that all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period. §2117.06(G) provides that

> "Nothing in this section or in §2117.07 shall be construed to reduce the periods of limitations or periods prior to repose in §2125.02 or Chapter 2305 of the Revised Code, provided that no portion of any recovery on a claim brought pursuant to that section or any section in that chapter shall come from the assets of an estate unless the claim has been presented against the estate in accordance with Chapter 2117 of the Revised Code."

Ohio Revised Code §2117.37 provides that

5

> "if a claim is contingent at the time of a decedent's death and a cause of action subsequently accrues on the claim, it shall be presented to the executor, in the same manner as other claims, before the expiration of six months after the date of death of the decedent, or before the expiration of two months after the cause of action accrues, whichever is later."

The court in *Meinberg v Glaser* explained that the part of the paragraph before the word 'provided' unmistakably specifies that nothing in §2117.06 or §2117.07 is intended to reduce the two-year time within which a personal injury action might be brought. 14 Ohio St. 2d 193, 197, 237 N.E. 2d 605, 608 (1968). Further, the court explained that the provision limits the application of the amendment so that 'no portion of any recovery on a claim' for injury to person or property is to 'come from the assets of the estate'. *Id.* The court later defined 'assets of the estate' as assets

> "which 'may lawfully' be 'paid out or distributed' by the executor or administrator; from which 'payment or distribution' may be made to 'creditors, legatees, and distributees' or to a surviving spouse; or which may be lawfully sold or otherwise encumbered or disposed of by the executor or administrator." *Id.* at 609.

In *Meinberg*, the plaintiff sought to recover against the decedent's automobile liability insurance policy due to injuries stemming from an automobile accident with the decedent prior to his demise. The court found that an automobile insurance policy might, to the extent required to satisfy the claim, constitute an 'asset of the estate' if the claim were presented within the four-month time period specified by §2117.06 or the nine-month period specified by §2117.07. *Id.* Because the plaintiff presented the claim beyond the nine-month time period, the court found that the policy was not an 'asset of the estate' within the meaning of §2117. The court also held that a plaintiff

> "who seeks to avoid the claim requirements and the four- and nine-month time

6

> limitations of §2117.06 and §2117.07 must allege and prove that there is something other than an asset of the estate, such as liability insurance, against which any judgment in his favor may be enforced." *Id.*

The court in, *In re George's Estate,* held that actions for personal injury may be brought against an estate within two years, so long as recovery from the action will not subject the assets of the estate to any liability. 24 Ohio St. 2d 18, 20, 262 N.E. 2d 872, 873 (1907). Further, the court held that this provides an injured plaintiff a method of proceeding against the decedent's estate to the extent that there is a policy of liability insurance in force from which recovery may be had, even though the claim has not been presented to the administrator within the time limit set forth in §2117.06. *Id.*

### D. Indemnificiation

Ohio Revised Code §2744.07(A)(2) provides that:

> "except as otherwise provided in this division, a political subdivision shall indemnify and hold harmless an employee in the amount of any judgment, other than a judgment for punitive or exemplary damages, that is obtained against the employee in a state or federal court or as a result of a law of foreign jurisdiction and that is for damages from injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function, if at the time of the act or omission the employee was acting in good faith and within the scope of employment or official responsibilities."

The court in, *Piro v Franklin Twp.,* held that this section does not remove a political subdivision's immunity; rather, it obligates the political subdivision to indemnify its employees if they are found liable for a good faith act that is related to a governmental or proprietary function. 102 Ohio App. 3d 130, 141, 656 N.E. 2d 1035, 1042 (1995). The court further held that "requiring the subdivision to indemnify its employees is entirely different from imposing direct liability on the subdivision. *Id.* Similarly, the court in *Maruschak v*

*City of Cleveland* held that "the right of indemnification is the right of the employee; it does not create a cause of action or any enforceable right against the city in favor of a Plaintiff who sues a municipal employee." No. 1:09 CV 1680, 2010 WL 2232669, at *6, fn. 8 (N.D. Ohio May 28, 2010).

### ii. Plaintiffs' Civil Conspiracy, Negligence and Intentional Infliction of Emotional Distress Claims

Plaintiffs allege state law tort claims and in this motion, Plaintiffs seek to amend these claims to name the Administrator as a defendant. Plaintiffs allege their causes of action arose in November 2014. Plaintiffs presented their claims to the Administrator on November 19, 2015. Typically, Plaintiffs would have needed to present their claims within six months of the death of each of the decedent officers. However, the Court finds that because Plaintiffs' claims are contingent, arising after the death of the officers involved, Plaintiffs should have instead presented their claims within two months of the accrual of their causes of action, by January 2015. R.C. 2117.37 Plaintiffs argue that they should be allowed to file within two years of the accrual of their causes of action under the rule articulated in *Meinberg*, alleging that a judgment in their favor can be satisfied against the City of Cleveland's obligation to indemnify its employees. The Court finds that Plaintiffs' argument fails, as the City's obligation to indemnify its employees is not the same thing as a policy of liability insurance. Rather, as the court in *Maruschak* held, the right to indemnification is a right of the employee; it does not create a separate cause of action for a plaintiff who sues a municipal employee. Moreover, the Cuyahoga County Probate Court specifically declined to decide whether a claim for indemnification would be considered an "asset" of the Estates. Because Plaintiffs

cannot establish that there is something other than an asset of the estate against which any judgment in their favor may be enforced, the Court finds that their amendment would be futile and denies leave to amend.

### III. CONCLUSION

Plaintiffs seeks to amend to add the Administrator for the decedent officers' Estates as a Defendant in their First Amended Complaint.  The Court finds that Plaintiffs' proposed amendment would be futile, in part because their §1983 claims do not survive the death of the decedent officers and in part because they have not filed their remaining state law claims within the appropriate statutory time line.  Because Plaintiffs' amendments would be futile, the Court denies Plaintiffs leave to amend their Complaint.

**IT IS SO ORDERED.**


                                                    s/ Christopher A. Boyko
                                                    **CHRISTOPHER A. BOYKO**
                                                    **United States District Judge**

**Dated:  July 15, 2016**