IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| KWAME AJAMU, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:15-CV-1320 |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, et al. | ) | Judge Christopher A. Boyko |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT EXHIBITS
SUBMITTED IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs Kwame Ajamu and Wiley Bridgeman respectfully submit this Motion for

Leave to Supplement Exhibits Submitted in Opposition to Motions for Summary Judgment. In

support of this Motion, Plaintiffs state as follows:

1.      On March 1, 2017, Plaintiffs submitted their response briefs in opposition to

Defendants' motions for summary judgment. Dkts. 76, 77, 78. Plaintiffs also filed an exhibit list,

noting that the actual exhibits in support of their briefs in opposition to Defendants' motions for

summary judgment were identical to those filed in the *Jackson* case, No. 15-989, and

incorporated in this case. Dkt. 76-1.

2.      One of the exhibits was excerpts from a transcript of the hearing held on

Jackson's motion for new trial, which took place in the Court of Common Pleas of Cuyahoga

County on November 17, 2014. *See* Jackson Dkt. 114-5 (Exhibit 5). Plaintiffs cited to the sworn

testimony provided by witnesses at that hearing, including Edward Vernon and Karen Smith. *See*

Dkt. 76 at 2–5, 8–10, 13–15.

3.      In her reply brief in *Jackson*, Defendant Lamendola objected to the use of this 2014 hearing transcript because the version submitted did not include the court reporter's certificate. *See* Jackson Dkt. 119 at 8 n.2.

4.      This objection is not well taken, because as the Sixth Circuit has explained, Rule 56(c)(2) only allows a party to "object that the material cited to support or dispute a fact *cannot be presented in a form that would be admissible in evidence.*" Fed. R. Civ. P. 56(c)(2); *Ganesh v. United States*, 658 F. App'x 217, 220 (6th Cir. 2016) (quoting the Rule). "Correspondingly, the amended rule specifically "omit[s] as unnecessary" "[t]he requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration." *Id.* (quoting Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment). As the Sixth Circuit explained, "Rule 56 no longer draws such a bright line between authenticated and unauthenticated evidence for purposes of summary judgment …." *Id.* Defendant Lamendola's objection is not even proper, because Rule 56(c)(2) provides that a party "may object that the material cited to support or dispute a fact *cannot be presented in a form that would be admissible* in evidence.*" Fed. R. Civ. P. 56(c)(2).

5.      Clearly, Vernon can and is expected to testify at trial, and his testimony from the 2014 hearing is evidence of what he would or could testify to under oath at trial. "[T]he objection contemplated by [the Rule] is not that the material 'has not' been submitted in admissible form, but that it 'cannot' be." *B&S Transport, Inc. v. Bridgestone Ams. Tire Ops., LLC*, 171 F. Supp. 3d 669, 678–79 (N.D. Ohio 2016) (overruling objections to affidavits because objecting party did not specify which statements by affiants "could not be produced or introduced in the form of admissible evidence.") (citation omitted); *see also Watters v. Summit Co., Ohio*, 2016 WL

3544752, at *4 (N.D. Ohio 2016) (allowing party opportunity to show how the evidence would be admissible at trial and overruling objections).

6. Moreover, Defendant Lamendola's only specific objection is to Edward Vernon's testimony from the 2014 hearing, but Vernon testified (under oath) at his deposition that the testimony he gave at the hearing was true. Vernon was specifically asked *by Lamendola's counsel* about the 2014 hearing transcript:

Q. … So, prior to your deposition today, you had an opportunity to review your – the testimony at the 2014 hearing?

A. Well – …

Q. I'm sorry?

A. Yes.

Q. Okay. And so when did you – when did you get to do that? When did you read the testimony?

A. Just – I don't know. Last week or something like that.

Q. Okay. ….

Q. Okay. Was there anything in the testimony from the 2014 hearing that you saw and thought was wrong?

A. Nah.

Q. "No"? ….

A.     No.

Q. Okay. So, what you – what you testified at the 2014 hearing, you believe was correct?

A. Yes.

Jackson Dkt. 99-1 (Vernon Dep.) at 142-43. In addition, Lamendola's counsel showed Vernon a copy of the 2014 hearing transcript, and Vernon stated that the testimony he gave at that hearing was correct:

Q. I'm going to show you what's been marked as Exhibit E. This is your testimony at the 2014 hearing.

A. Uh-huh.

Q. Okay. And you said you reviewed this prior to your deposition here today?

A. What this?

Q. Well, you reviewed … the testimony of your – the transcript of your testimony at the 2014 –

A. Yes.

Q. – hearing, right?

A. Yeah.

Q. And you recall that there was nothing in the testimony that you felt you needed to correct or change?

A. Correct.

Jackson Dkt. 99-1 at 207; *see* Ex. A (Defendant's Deposition Exhibit E from Vernon's Deposition). Even the case cited by Defendant Lamendola, *Vaughan v. City of Shaker Heights*, 2015 WL 1650202, at *15 (N.D. Ohio Apr. 14, 2015), supports the admissibility of Vernon's testimony on summary judgment under these circumstances: "When Ms. Stout was deposed in this matter, she was presented with the transcript of her hearing testimony and confirmed that certain portions of her testimony were true and accurate at the time. … Ms. Stout also expressly testified in her deposition that her testimony before Judge Matia during the hearing on Vaughan's motion for new trial was truthful."

7.      Thus, no court reporter's certificate is even necessary. In light of this, Plaintiffs did not include the court reporter's certificate in the excerpt filed as Exhibit 5 in support of their opposition to the summary judgment motions.

8.      In the event the Court deems it necessary in order to consider Plaintiffs' Exhibit 5 (the 2014 hearing transcript) regarding Plaintiffs' response to summary judgment, Plaintiffs seek leave to supplement the Exhibit 5 previously filed as Jackson Dkt. 114-5 with the signed

certificate from the court reporter. *See* Exhibit B (Certificate for 2014 evidentiary hearing transcript); Exhibit C (full transcript with certificate).

9. In addition, Plaintiffs seek leave to submit the court reporter's certificates from the trial transcripts of Ricky Jackson, Ronnie Bridgeman, and Wiley Bridgeman, which were previously filed as Exhibits 6, 17, and 18, respectively, in the *Jackson* case and incorporated in the Ajamu case. *See* Jackson Dkts. 114-6, 114-17, 114-18. Defendants did not object to these exhibits, but Plaintiffs seeks leave to supplement these Exhibits with the certificates of the court reporters, out of an abundance of caution. *See* Exhibit D (certificate for Ricky Jackson's trial transcript); Exhibit E (certificate for Ronnie Bridgeman's trial transcript); Exhibit F (certificate for Wiley Bridgeman's 1977 trial transcript).

10. Pursuant to the Local Rules, Jackson's counsel conferred with defense counsel prior to the filing of this motion, and the defendants stated that they "are not authorized to waive any objections."

11. Granting leave to Plaintiffs to supplement Exhibits 5, 6, 17, and 18 with the certificates of the court reporters would not cause prejudice to any party (especially given that Lamendola addressed Vernon's testimony from the hearing in her reply brief); would not constitute the submission of any new evidence; and would comport with the duty of courts to decide cases fully and fairly on the merits when possible. *See Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 315 (6th Cir. 2015) (parties should have a full and fair opportunity to have their cases decided on the merits).

12. Additionally, for ease of the Court, Plaintiffs in this case and the *Jackson* case filed substantially similar summary-judgment briefs. Plaintiffs accordingly filed a list of the exhibits in support of their briefs (identical to the list in *Jackson*), noting that the numerous

actual exhibits (identical in both cases) were incorporated here but actually filed in the *Jackson* case. Dkt. 76-1. Relying on an 1894 case from the District of Columbia, Defendants suggest this is improper. Dkt. 80 at 4 n.2. To resolve this issue, Plaintiffs are attaching all of those exhibits to this motion, as Exhibits 1–56.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to supplement Exhibits 5, 6, 17, and 18 submitted with Plaintiffs' summary judgment briefs (by reference) with the certificates of the court reporters. Plaintiffs further request that the Court grant leave to file the full set of original exhibits that were previously incorporated by reference.

Respectfully submitted,

 /s/ David E. Mills

Terry H. Gilbert (OH 0021948)
Jacqueline C. Greene (OH 0092733)
FRIEDMAN & GILBERT
55 Public Square, Suite 1055
Cleveland, OH 44113
Phone: (216) 241-1430
Fax: (216) 621-0427
E-mail: tgilbert@f-glaw.com
       jgreene@f-glaw.com


David E. Mills (OH 0075400)
THE MILLS LAW OFFICE LLC
1300 West Ninth Street, Suite 636
Cleveland, OH 44113
Phone: (216) 929-4747
Fax: (202) 379-1767
E-mail: dm@MillsFederalAppeals.com

*Counsel for Plaintiffs*
*Kwame Ajamu and Wiley Bridgeman*

## CERTIFICATE OF SERVICE

I, David E. Mills, an attorney, hereby certify that on March 22, 2017, I served the

foregoing Motion for Leave to Supplement Exhibits Submitted in Opposition to Motions for

Summary Judgment to on all counsel of record via CM/ECF.

s/ David E. Mills