UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KWAME AJAMU, et. al, | ) | CASE NO. 1:15CV1320 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CITY OF CLEVELAND, et. al, | ) | OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court upon the Motion of Defendant Jerold Englehart (ECF DKT #64) for Summary Judgment on Plaintiff's claims pursuant to Fed. R. Civ P. 56. For the following reasons, Defendant's Motion for Summary Judgment is GRANTED, in part.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiffs Kwame Ajamu and Wiley Bridgeman filed their original Complaint on July 2, 2015 against Defendant Jerold Englehart, as well as several other former detectives and the City of Cleveland, alleging constitutional violations by the detectives caused by the City's unconstitutional policies and lack of training. Plaintiffs filed their First Amended Complaint on August 10, 2016. On January 27, 2017, Defendant Jerold Englehart filed a Motion for Summary Judgment on all claims against him.

In 1975, Ricky Jackson, Kwame Ajamu and Wiley Bridgeman were arrested and imprisoned for the murder of Harold Franks. They were found guilty based on the testimony of

1

then-twelve-year-old Edward Vernon, who claimed to have witnessed the crime. Nearly forty years later, after many of the detectives involved in the case were deceased, Vernon recanted his testimony, claiming he had been coerced by Cleveland police officers into saying that he had witnessed the crime. The State of Ohio dismissed the charges against Plaintiffs and they filed suit against the City of Cleveland, several former detectives and the estates of several deceased detectives. The cases against the estates were dismissed, leaving only the claims against the City of Cleveland and former Detectives Frank Stoiker and Jerold Englehart.

In 1975, Jerold Englehart worked in the Criminal Statement Unit of the Cleveland Police Department. His duties involved taking typed statements from victims, witnesses and defendants. Englehart testified that he did not remember taking statements relating to the murder of Harold Franks and that he did not remember taking Vernon's statement. Englehart testified that he never typed the statement of a witness who was not present at the time. Englehart did not investigate Franks' murder.

On May 25, 1975, Vernon was taken to the police station to review a lineup. After the lineup, Plaintiffs allege that Detectives Frank Stoiker and John Staimpel gave Vernon a prepared statement about the lineup ("Statement") to sign and that the Statement contained false claims. Dkt. 82-31. Plaintiffs allege that Vernon was coerced into signing it. The Statement had Englehart's last name and badge number typed at the bottom. This is the only piece of evidence connecting Englehart to this case. Vernon never met Englehart and does not remember hearing his name during the investigation. Englehart did not sign the Statement.

Plaintiffs filed suit alleging seven counts under 42 U.S.C. § 1983 against Defendant for withholding exculpatory evidence, fabrication of evidence, malicious prosecution, failure to

2

intervene to prevent a constitutional violation, conspiracy to violate Plaintiffs' constitutional rights, supervisory liability, improper lineup procedure and three state law claims for negligence, malicious prosecution and conspiracy. Defendant moves for summary judgment on all counts.

Plaintiffs allege that Defendant's name on the Statement indicates that Defendant typed the Statement and that Defendant prepared it without Vernon present. Plaintiffs further allege that Defendant conspired with Detectives Stoiker and Staimpel to prepare a false statement for Vernon to sign, or that Defendant at least knew or should have known that the Statement was false, since Staimpel had Defendant create the Statement without the witness present. Defendant argues that Englehart's typed name is insufficient evidence to show that Englehart prepared the Statement and that even if he did prepare the Statement, it is not the same statement that Vernon signed after the lineup, and thus, there is no evidence about how the Statement was prepared. Defendant also argues that Englehart is entitled to qualified immunity on all counts.

## LAW AND ANALYSIS

**I.   Standard of Review for Summary Judgment**

Summary judgment is proper if the movant can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Striecher*, 434 F.3d 461, 464 (6th Cir. 2006). A dispute is genuine if it is based on facts on which a reasonable jury could find for the non-moving party. *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006). A fact is material if the resolution of the dispute might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To meet its burden, the moving party can either present evidence

3

showing the lack of genuine dispute as to material facts, or it may show the absence of evidence to support the nonmoving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party has met its burden, the nonmoving party cannot rest on its pleadings; rather, the nonmoving party must point to specific facts in the record that show that there is a genuine issue for trial. *Liberty Lobby*, 477 U.S. at 248-49; *Celotex Corp.*, 477 U.S. at 324.

No matter how sympathetic one may be to Plaintiffs' plight, the Court is still under an obligation to apply the law to the evidence Plaintiffs submit. Neither time nor death abrogates Plaintiffs' obligation to support their claims.

## II. There Is Insufficient Evidence To Show That Defendant Was Involved In Fabricating Or Withholding Evidence.

Defendant argues that Englehart's name on the Statement is insufficient evidence to support Plaintiffs' claim that Defendant prepared the statement. However, Englehart testified that normally, when he prepared a statement, he typed his name and badge number at the bottom. This supports a reasonable inference that Englehart prepared it. Englehart's statement that he does not recall preparing this statement at most creates an issue of fact. Taking the evidence and drawing all reasonable inferences in favor of the non-moving party, there is enough evidence that a jury could conclude that Englehart typed the Statement.

Englehart further contends that the evidence shows that the Statement is not the one that Detectives Stoiker and Staimpel forced Vernon to sign. Vernon testified in his deposition that the statement he signed after viewing the lineup only stated that Vernon was too scared to pick someone out of the lineup, while the Statement also contains information about the crime itself. Dkt. 64-1 at 85-86. However, in Vernon's declaration, Vernon states that the Statement was shown to him at Plaintiffs' trials and that Vernon recalled only signing one statement. Dkt. 82-

4

31. Furthermore, the Statement is dated May 25, 1975, the day of the lineup. This creates an issue of fact as to how the Statement was prepared and whether Vernon signed it right after the lineup. Once again, viewing all evidence in the light most favorable to Plaintiffs, there are issues of fact concerning whether the representations in the Statement accurately reflect what Vernon told the investigating officers.

However, even though there are genuine issues of fact, these issues are not material, as even taking the evidence in the light most favorable to Plaintiffs and drawing reasonable inferences in their favor, there is not enough evidence to show that Englehart committed a constitutional violation. The Court must draw reasonable inferences in favor of the non-moving party, but "[t]his standard ... does not allow, much less require, that we draw strained and *unreasonable* inferences in favor of the nonmovant." *Willis v. Roche Biomedical Laboratories, Inc.*, 21 F.3d 1368, 1380 (5th Cir.1994)(emphasis in original). While the inferences that Englehart prepared the Statement and that the Statement were made the day of the lineup are reasonable, Plaintiffs also ask the Court to infer that because Englehart prepared the Statement without Vernon present, Englehart knew or should have known that the Statement was false. This inference is unreasonable. Plaintiffs cite no case law to suggest that Englehart committed a constitutional violation by preparing the statement without Vernon present and cite no facts in the record to indicate what Englehart knew when preparing the Statement. Instead, Plaintiffs assert that because the Statement is false and because Englehart prepared it without the witness present, Englehart knew or should have known that it was false. This goes beyond reasonable inferences. There is no evidence to suggest that Englehart conspired with any other police officers, that Englehart knew that the information in the Statement was false, or that Englehart

had any reason to know that the information was false.

Even assuming that Englehart knew the Statement contained false information, Plaintiffs failed to establish the elements required for fabrication of evidence. The Sixth Circuit has held that "[a]n officer violates a person's constitutional rights when he knowingly fabricates evidence against them and a reasonable likelihood exists that the false evidence would have affected the jury's decision." *France v. Lucas*, 836 F.3d 612, 629 (6th Cir. 2016). Vernon testified live before the grand jury and at all three trials. Plaintiffs were convicted based on that live testimony, not Vernon's prior written statements. The Statement could not have been used to obtain Plaintiffs' convictions and therefore, the Statement could not have affected the jury's decision.

Because Plaintiffs have not demonstrated that Englehart knew the Statement contained false information, all of Plaintiffs' federal claims against Englehart fail.

### III.     Plaintiffs State Law Claims Are Dismissed Without Prejudice.

The Court declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims and dismisses them without prejudice.

### CONCLUSION

Because Plaintiffs have not alleged any facts connecting Defendant to the Franks murder investigation or to the fabrication of Vernon's statements, Defendant's Motion for Summary Judgment is GRANTED, in part.

**IT IS SO ORDERED.**

                              s/ Christopher A. Boyko
                              **CHRISTOPHER A. BOYKO**
                              **United States District Judge**

**Dated: August 4, 2017**